182  393
187  647

182  393
s200  458

# Estate of George B. Markle, Deceased.   Appeal of Ida Markle Hessenbruch.

[Marked to be reported.]

*Decedents' estates—Sale of personal property.*

An order of the orphans' court directed that certain portions of testator's interest in a partnership should be sold to certain of the trustees appointed by the will. After the sale the purchasers formed a new partnership to carry on the business. Five years afterwards one of the purchasers assigned to his sister a portion of his interest in the new partnership as security for a loan, and subsequently, upon default, the sister purchased the interest at a public sale. The orphans' court had imposed no lien or charge upon the brother's interest in the new firm, but subsequently, when it appeared that his interest in the estate was insufficient to pay for the interest which he had bought, it entered a decree directing that the deficiency should be made good by the sister who had bought the interest in the new firm. *Held,* that as there was no lien imposed by the original decree, and as his sister was an innocent purchaser for value, the decree of the orphans' court, entered five years after the original decree, was improper and invalid.

Argued Jan. 21, 1897.   Appeal, No. 547, Jan. T., 1896, by Ida Markle Hessenbruch, from decree of O. C. Philadelphia Co., Oct. T., 1888, No. 190, that a charge of $28,000 should be paid by appellant.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition to set aside sale.

The facts appear by the opinion of the Supreme Court, and by Markle's Estate, ante p. 378.

*Error assigned* among others was in decreeing that any portion of the money ordered to be paid by George B. Markle, Jr., was a charge upon the share transferred to him, and bought by Ida Markle Hessenbruch.

*John G. Johnson,* for appellant.—By the bill of sale of the executors, made with the approval of the orphans' court, title and possession, free of lien, in two sevenths of the interest of George B. Markle, Sr., in the firm assets of George B. Markle & Co., was vested in the son, George B. Markle.

The appellant is a bona fide purchaser, for value, without notice, of an interest in the assets of a new firm of George B. Markle & Co., which was acquired free of any lien, because, (1) such was the title of her assignor at the time of her purchase, (2) no interest in the assets of the new firm was ever possessed by the testator.

After assignment to the appellant, it was not within the power of the orphans' court, as against her, by an amendment of its former decree which provided for payment of purchase money by George B. Markle out of his share of the trust assets, to order that said payments should be in cash, and that any deficit should stand as a lien againt the property which had been assigned to her.

*George Tucker Bispham* and *D. L. Rhone,* of *Rhone & Creveling,* for appellee, cited Bispham's Equity, sec. 268; Fox v. Mackreth, 1 Lead. Cases Eq. *141; Keech v. Sandford, 1 Lead. Cases *63; Rosenberger's App., 26 Pa. 67; Odd Fellows Bank's App., 123 Pa. 356; Marshall's Est., 138 Pa. 285; Brooke's App., 102 Pa. 150; Hannum's App., 2 Penny. 107; Parks v. Jackson, 11 Wend. 442; Brown's App., 89 Pa. 139; Johnson's App., 115 Pa. 129.

OPINION BY MR. JUSTICE GREEN, Oct. 11, 1897:

In this case the appellant is the sister of George B. Markle, Jr. In June, 1893 she advanced to her brother $110,000 in money for which she received his two promissory notes, one for $85,000 and the other for $25,000. On the same date she took from him as collateral security for the loan an assignment of one half of his interest in the new partnership of G. B. Markle & Co., and in all the partnership estate and property. Subsequently, upon default being made in the payment of the notes, this interest was sold at public sale, and the appellant became the purchaser under authority to that effect contained in the deed of assignment. Immediately after the original decree was made in 1890, the executors made and delivered a conveyance to each of the sons for two sixteenths and to each of the daughters for one half of one sixteenth of the interest of the testator in the firm of G. B. Markle & Co., and a new firm of the same name was then created, including all the children

of the testator and some other persons. This new firm took possession of the firm assets and property and carried on business on a large scale, acquiring thereby very large additional assets and property. The final decree of the orphans' court authorizing the sale to the sons and daughters of the deceased was made on July 5, 1890, and the new partnership was formed July 11, 1890. It was almost three years later when the appellant loaned to her brother George B. Markle, Jr. the $110,000 upon a pledge of one half of his interest in this new firm as collateral security for the loan. At that time the new firm was conducting a very large business, without any order or restriction upon their respective interests, their title was unfettered by any lien for purchase money, and it had been derived under the authority of a decree of the orphans' court made after the most careful investigation, and upon a full consideration of all the facts and circumstances affecting the situation. We have held in Barber's Appeal, ante, p. 378, that that decree was a lawful exercise of the power of the orphans' court in the premises, and vested a good title in the purchasers. On the faith of this title the present appellant loaned her money to one of those purchasers, and subsequently became the lawful owner of one half of his share and interest in the firm. Two years after that time, a petition being presented to the orphans' court, the object of which was to rescind the original decree made in 1890, upon various grounds, that court, and this Court on appeal, have refused to interfere, either to reverse those decrees, or to set aside the sale to the sons and daughters of the deceased. But the orphans' court, having thought in 1896 that they made a mistake in 1890 by not ordering that the purchase money upon that sale should be paid in cash, have now made such an order and have embraced the present appellant within its terms, and if this decree is affirmed, she will now be compelled to pay, in addition to her $110,000 loaned to George B. Markle upon the pledge of his interest as a partner, a large sum of money to make good the deficiency in the original sale. We do not think this can be done. The interest of George B. Markle in the new firm was personal property only, and it was not at the time of the loan and subsequent sale the same interest which was possessed by the deceased George B. Markle in the old firm. No charge or lien of any kind was imposed by the orphans' court

upon this interest, and when the sale thus made and perfected was carried out by proper conveyances to the purchasers, and the purchasers with other persons had organized and established an entirely new firm and business, we do not understand upon what principle a lien can be imposed, five years thereafter, upon one of those interests in the new firm, for the original purchase money due the estate of the decedent upon the orphans' court sale, after that interest has been bought and paid for by an innocent purchaser for value without notice. It can not be doubted that the present appellant was an innocent purchaser for value, and how can it be held that she had notice of a lien which had no existence when she purchased? It could only have existed by virtue of a lawful decree to that effect, and no such decree had then been made, and this Court is of opinion that none such can now be made. The reason assigned by the learned court below is that she stood in the shoes of her assignor, and would therefore be subject to any decree to which he might be subject. We know of no authority for such a proposition in such a state of facts. The sale was a sale of the personal property of a decedent by his executors. Such sales are not attended with the incident that a right of lien will follow the property after delivery to the purchaser, and especially after the payment of the purchase money has been made in accordance with a decree of the orphans' court ordering the sale. If the orphans' court made a mistake in ordering such a sale, the vendee of the purchaser is not responsible for it. Even if the original purchaser might have been held to be responsible for the correction of such a decree we cannot see how such a responsibility can be extended to one purchasing from him for value. If there was any fault attaching to the action of the executors in making such a sale, the fact that they might be held liable to account for such fault does not impart such a liability to an innocent purchaser from them. But as we think the original sale was properly, lawfully and wisely made, it is useless to speculate upon consequences which could only be possible under a different ruling upon that subject. In this respect therefore we are of opinion that the decree of the orphans' court was erroneous.

The decree of the court below so far as it affects the present appellant is reversed at the cost of the appellees, and the record is remitted for correction in accordance with this opinion.